# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

WILLIAM J.R. EMBREY,

      Petitioner,

      v.                         CASE NO. 18-3205-JWL

FEDERAL BUREAU OF PRISONS,
Residential Reentry Manager, and
GEO CARE, INC., Director,

      Respondents.

## ORDER

Petitioner filed this matter as a petition for writ of habeas corpus under 28 U.S.C. § 2241. Petitioner, a prisoner in federal custody at the GEO Reentry Center in Leavenworth, Kansas, proceeds *pro se* and has paid the $5 habeas filing fee. Under the Second Chance Act of 2007, 18 U.S.C. § 3624(c), the Federal Bureau of Prisons ("BOP") is authorized to place prisoners in a residential reentry center, or halfway house, for up to twelve months before the end of the prisoner's term of imprisonment. Petitioner challenges the BOP's designation of the location for Petitioner's halfway house, arguing that he should be placed in a halfway house closer to his family. Petitioner argues that the BOP placed him in a halfway house in Kansas—away from his home, family, community ties and employment prospects—in retaliation for Petitioner filing past grievances against BOP officials.

To obtain habeas corpus relief, an inmate must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S. C. § 2241(c)(3). A petition under 28 U.S.C. § 2241 provides the remedy to challenge the execution of a sentence. *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011). Thus, a petitioner may challenge the fact or duration of his confinement and may seek release or a shorter period of confinement.

*See Palma-Salazar v. Davis*, 677 F.3d 1031, 1037 n.2 (10th Cir. 2012). However, claims challenging a prisoner's conditions of confinement do not arise under Section 2241. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811–12 (10th Cir. 1997) (contrasting suits under Section 2241 and conditions of confinement claims).

In *United States v. Garcia*, the appellants did not seek release from BOP custody, but rather both sought a court order directing the BOP to transfer them to detention facilities located closer to their families. *United States v. Garcia*, 470 F.3d 1001, 1002 (10th Cir. 2006). The Tenth Circuit held that where appellants were in lawful custody of the BOP and sought "a change in the place of confinement rather than a shortened period of custody[,]" their challenges must be brought in a *Bivens* action. *Id*. at 1003; *see also Palma-Salazar*, 677 F.3d at 1035 (noting that Palma-Salazar did not challenge the BOP's underlying authority to hold him in custody, but rather he challenged his placement within the federal prison system); *see also Bruscino v. True*, 708 F. App'x 930, 935 (10th Cir. 2017) (unpublished) (finding claim that transfer was in retaliation for role in class action lawsuit was not properly brought in a § 2241 habeas proceeding because it challenges the conditions of confinement rather than the duration of custody).

In the present case, Petitioner does not complain of the loss of good conduct time or of any negative impact on the duration of his sentence. Rather, he claims retaliation and takes issue with the location designated by the BOP for service of his time in a halfway house. Accordingly, he may not challenge the location in a habeas corpus action; rather, he must proceed, if at all, in a civil rights action filed pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). *See Requena v. Roberts*, 552 F. App'x. 853, 856 (10th Cir.

April 7, 2014) (unpublished) (remanding to district court to determine whether petitioner had adequately alleged civil rights claims).

The filing fee for a *Bivens* action is $400.00.[1]  Because Petitioner paid the $5.00 habeas filing fee and did not file a motion for leave to proceed *in forma pauperis*, the Court cannot determine whether Petitioner would qualify for *in forma pauperis* status in a *Bivens* action, and what, if any, initial partial filing fee he might owe if such status is granted.  Even if Petitioner is entitled to proceed *in forma pauperis,* he would remain obligated to pay the full $350.00 filing fee, but would be allowed to do so through payments automatically deducted from his institutional account.  The Court offers no opinion on the merits of such an action.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner is granted until **August 31, 2018,** to advise the Court whether he intends to proceed in this matter under *Bivens*. If so, he must file his complaint on court-approved forms.  *See* D. Kan. Rule 9.1(a).  If Petitioner fails to file a response, this matter will be dismissed.

The clerk is directed to send Petitioner forms for filing a *Bivens* action under 28 U.S.C. § 1331 and forms for filing a motion to proceed *in forma pauperis*.

**IT IS SO ORDERED**.

**Dated in Kansas City, Kansas, on this 14th day of August, 2018.**


**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**U. S. DISTRICT JUDGE**

---

[1] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $50.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.